

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 28, 1969

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M- 382

Re: Responsibility for the
actual administration
and operation of the
Federal Food Stamp
Program at the county
level.

Dear Mr. Resweber:

You have requested an opinion on the following questions:

> "Does the responsibility for the actual
> administration and operation of the federal
> food stamp program at the county level lie
> with the Texas State Department of Public
> Welfare or with the Commissioners Court of
> the County in which the implementation of
> such plan is desired? May the County, acting
> by and through its Commissioners Court, op-
> erate and administer the local offices or
> centers needed to effect the distribution
> of the federally sponsored food stamps,
> rather than permit or relinquish to the
> Texas State Department of Public Welfare
> the responsibility or authority for the
> operation and administration of such county-
> level centers, while bearing the financial
> burden of same?"

"The Food Stamp Act of 1964" places responsibility
for the actual operation and administration of the program on
the Texas State Department of Public Welfare; consequently, Harris
County may not operate and administer the local offices or centers
needed to effect the distribution of the federally sponsored food
stamps.

"The Food Stamp Act of 1964" is codified in 7 U.S.C.A.,
Sections 2012 and following. The "Act" requires that the "State

Agency" be the body to determine the plan of operation to be used, and that the "State Agency" will be responsible to the Federal Government. "State Agency" is defined as the agency of the State government which has the responsibility for the administration of the federally aided public assistance programs. 7 U.S.C.A., Section 2012(h). The Texas State Department of Public Welfare is the agency provided by State law which meets that definition. Article 695c, Section 7, Vernon's Civil Statutes provides:

> "The State Department of Public Welfare is hereby designated as the State agency to cooperate with the Federal Government in the proper administration and distribution of Federal surplus commodities and any other Federal resources now on hand and available, or that may be provided in the future. The State Department is hereby designated as the State agency to administer or supervise referrals and certifications to the Works Project Administration, the National Youth Administration and the Civilian Conservation Corps. The State Department may cooperate with any city or county in any manner deemed necessary for the proper operation of these programs."

Article 695c, Section 7 is ample authority for the State Department of Public Welfare to act. In addition to the last sentence of Section 7, above, Article 695c, Section 39, appears specifically to provide for county funding of programs to be operated in the county by the State.

"The Food Stamp Act of 1964" requires the "State Agency" to obtain approval of a plan of operation from the U.S. Department of Agriculture, formulated in accord with Federal regulations; and the statute, 7 U.S.C.A., Section 2019 (e), states that the plan of operation:

> ". . .shall provide, among such provisions as may by regulation be required, the following: (1) the specific standards to be used in determining the eligibility of applicant households; (2) that the State agency shall undertake the certification of applicant households in accordance with the general procedures and personnel standards used by them in the certification of applicants for benefits under

the federally aided public assistance pro-
grams; (3) safeguards which restrict the
use or disclosure of information obtained
from applicant households to persons directly
connected with the administration or enforce-
ment of the provisions of this chapter or the
regulations issued pursuant to this chapter; and
(4) for the submission of such reports and
other information as may from time to time be
required."

The contract tendered to Harris County appears to
comply with the regulations published in the Federal Register.
30 F.R. 4315, April 2, 1965; 30 F.R. 8155, June 25, 1965; 30
F.R. 13132, October 15, 1965. The plan furnished Harris
County is the State plan approved by the Federal Government.

The legislative history of "The Food Stamp Act of
1964" attests that the "State Agency" is responsible for
operation and administration of the program made available
by the Act. U. S. Code and Administrative News, 88th Cong.
1964, p. 3275, et seq.

The State Department of Public Welfare may, if it
desires, delegate ministerial responsibility for the actual
sale and issuance of the food stamps to another agency of
State government, local government agencies, or to banks. The
State Department of Public Welfare may not delegate respon-
sibility for determining what households may participate in
the plan.

Article 2351, Section 17, Vernon's Civil Statutes,
does not appear to be relevant to the question under considera-
tion. This statute appears to be enabling legislation for a
previous Federal program which is no longer in effect. Section
17 was added to Article 2351 by Acts 1941, 47 Leg., p. 204,
Ch. 146, Section 1. Its purpose as stated in its title was
to allow counties:

". . .to create a revolving fund or funds
. . .to aid and assist in carrying out the pur-
poses and provisions of an Act of Congress. . .
pertaining to the distribution of commodities
. . .under direction of the Department of Ag-
riculture."

This earlier Federal law apparently required co-
operation of counties because the emergency clause states in
part:

". . .and the fact that said Act requires cooperation of counties or municipalities. . . emergency. . ."

The history of "The Food Stamp Act of 1964", U. S. Code, Cong. and Admin. News, 88th Cong. 1964, p. 3276, indicates that this earlier food stamp program was operated from 1939 until 1943. From 1943 until commencement of the pilot programs of 1959, which lead to the 1964 Act, there was no food stamp program.

## S U M M A R Y

(1) The actual administration and operation of the Federal food stamp program is the exclusive responsibility of the State Department of Public Welfare because of the specific provisions of Federal law. "The Food Stamp Act of 1964."

(2) "The Food Stamp Act of 1964" will not permit the County Commissioners Court to operate and administer the local offices or centers needed to effect the distribution of the federally sponsored food stamps.

(3) Article 2351, Section 17, Vernon's Civil Statutes, is enabling legislation for a Federal Act, now repealed, and has no relevance to "The Food Stamp Act of 1964."

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Samuel D. McDaniel
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hon. Joe Resweber, page 5 (M-382)


Kerns Taylor, Chairman
George Kelton, Vice-Chairman
John Banks
Bill Allen
Fielding Early
Arthur Sandlin

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS,
Executive Assistant